20-2637
Tenecela v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> STEVEN J. MENASHI,
>> *Circuit Judges,*
> LEWIS A. KAPLAN,
>> *District Judge.*\*

---

FREDDY MAURICIO NIEVES TENECELA,
AKA FREDDY NIEVES, AKA FREDDY
MAURICIO TENECELA,

> *Petitioner,*

> v.                                                      20-2637

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

---

FOR PETITIONER:               Erin O'Neil-Baker, O'Neil Baker
                              Law, LLC, Hartford, CT.

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR RESPONDENT:**                    Bryan Boynton, Acting Assistant
                                      Attorney General, Civil Division;
                                      Russell J. E. Verby, Senior
                                      Litigation Counsel, Office of
                                      Immigration Litigation; John D.
                                      Williams, Trial Attorney, Office
                                      of Immigration Litigation, United
                                      States Department of Justice,
                                      Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DISMISSED.

Petitioner Freddy Mauricio Nieves Tenecela, a citizen of Ecuador, seeks review of a July 28, 2020, decision of the BIA, affirming an April 30, 2018, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Freddy Mauricio Nieves Tenecela*, No. A206 781 573 (B.I.A. July 28, 2020), *aff'g* No. A206 781 573 (Immig. Ct. Hartford Apr. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the physical presence finding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). A deportable or inadmissible alien such as Tenecela may have his removal cancelled if, as relevant here, the alien "establishes that removal would result in exceptional and

extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted). Our jurisdiction to review the agency's denial of cancellation of removal based on an alien's failure to satisfy the hardship requirement is limited to colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-41 (2d Cir. 2008).

The agency determined that Tenecela failed to show that his qualifying relatives—his three U.S. citizen children—would suffer exceptional and extremely unusual hardship if he were removed to Ecuador because he testified that they will remain in the United States with their respective mothers and alleged only that they will suffer the unfortunate but ordinary emotional hardship to be expected upon a father's removal from the country. Tenecela does not raise a colorable constitutional claim or question of law over which we have jurisdiction. He argues that the agency erred in determining that, although one of his children receives assistance with reading, that child does not have a serious learning

3

disability or an unusual or significant medical history. That argument is frivolous because the agency made no such determinations, and no learning disabilities or medical conditions were alleged before the IJ. Accordingly, because Tenecela has not raised a colorable constitutional claim or question of law regarding the agency's dispositive hardship determination, we dismiss the petition for lack of jurisdiction, *see* 8 U.S.C. §§ 1229b(b), 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39-41, and do not reach the agency's alternative discretionary denial of cancellation, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4